991 F.2d 812
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Andrew CALLIHAM and Susan Calliham parents and next friends
of Rory Allen Calliham, Petitioners-Appellants,
v.
SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Respondent-Appellee.
 No. 92-5048.
 United States Court of Appeals, Federal Circuit.
 March 30, 1993.
 
 Before NEWMAN, PLAGER and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 On August 6, 1990, Petitioners-Appellants Andrew and Susan Calliham, parents and next friends of Rory Calliham (the Callihams) filed a petition for compensation under the provisions of the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to 300aa-34 (1988 & Supp. II 1990) (Vaccine Act), for injuries which Rory allegedly suffered as a result of a DPT vaccination. On January 22, 1991, Respondent-Appellee Department of Health and Human Services (HHS) filed a report opposing the award of compensation. On October 4, 1991, the Special Master issued a decision denying the Callihams' petition for compensation. When the Callihams failed to timely file a motion for review with the United States Court of Federal Claims,[1] the Clerk of that court entered judgment in accordance with the provisions of the Vaccine Act. See 42 U.S.C. § 300aa-12(e)(3). The Callihams now appeal that judgment. We dismiss for lack of jurisdiction.
 
 DISCUSSION
 
 2
 The Callihams argue that the Special Master arbitrarily and capriciously dealt with the Callihams' expert testimony, arbitrarily and capriciously failed to consider facts in the medical record, and abused his discretion in requiring a certain level of severity of symptoms beyond that allegedly mandated by the Vaccine Act. However, HHS correctly notes that the threshold issue in this appeal is whether this court has jurisdiction to consider the Callihams' appeal, given the Callihams' failure to first obtain review of the Special Master's decision in the Court of Federal Claims.
 
 
 3
 Our jurisdiction over this appeal is a question of law, requiring interpretation of the provisions of the Vaccine Act. This court recently held in Grimes v. Secretary of the Department of Health and Human Services, No. 92-5067 (Fed.Cir. Mar. 15, 1993), that the Vaccine Act does not provide the Federal Circuit with direct appellate review of the decision of the Special Master--in other words, that the petitioner must first obtain review by a judge of the Court of Federal Claims before filing an appeal here.
 
 
 4
 The Callihams did not obtain review by a judge of the Court of Federal Claims prior to filing this appeal. The Special Master's decision was issued on October 4, 1991. The Callihams then had thirty days in which to file a motion for review by a judge of the Court of Federal Claims, in accordance with § 300aa-12(e)(1).[2] In order to obtain that review, the Callihams' motion must have been received by the Clerk on or before November 4, 1991. Since the Clerk received nothing from the Callihams by that date, on November 6, 1991 judgment was entered in accordance with the Special Master's decision. See 42 U.S.C. § 300aa-12(e)(3).
 
 
 5
 As Grimes explains, when the "judgment" of 300aa-12(e)(3) is entered in accordance with the decision of the Special Master, this court lacks jurisdiction to consider a petitioner's appeal of that judgment. Slip op. at 4. As the above recitation of facts demonstrates, that is the Callihams' situation. For the purposes of 42 U.S.C. § 300aa-12(f), our jurisdictional inquiry begins and ends with what was filed with the Court of Federal Claims during the thirty day period following the decision of the Special Master. Since the Callihams did not file anything during that period, we must conclude that this court lacks jurisdiction to consider this appeal.
 
 
 6
 We note in passing that on November 6, two days after the deadline for seeking review in the Court of Federal Claims, the Clerk of that court received an untimely motion for review from the Callihams, dated October 29, 1991. On November 14, 1991, the Clerk responded with a Notice that the motion was being returned unfiled, due to its untimeliness. The Clerk then received a motion from the Callihams, styled an "election not to accept judgment," on November 18, 1991. That motion was returned unfiled on November 21, 1991, since there was "no provision in the Rules for the filing of this item."
 
 
 7
 Thus it appears that the Callihams intended to obtain review by a judge of the Court of Federal Claims and attempted to cure their tardiness with the "motion not to accept judgment." However, as Grimes makes clear, "[t]he Act sets a strict thirty-day time limit within which a party must appeal to the Court of Federal Claims." Slip op. at 4 (emphasis added). Further, "[i]f a party does not comply with the thirty-day limit, the clerk's entry of judgment ends the matter." Id. at 5. Thus, the Callihams' untimely motion for review and novel "election not to accept judgment" cannot suffice to confer jurisdiction over this appeal.
 
 
 8
 Accordingly, the appeal is dismissed for lack of jurisdiction.
 
 
 
 [1]
 The Federal Courts Administration Act of 1992, Pub.L. No. 102-572, § 902(a), 106 Stat. 4506, 4516 (1992), changed the name of the United States Claims Court to the United States Court of Federal Claims
 
 
 [2]
 "Filing" is deemed to have occurred on the date of receipt by the Clerk of the Court of Federal Claims, not by the date of mailing. Vaccine Rule 17(a)